# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# COURT FILE NO. _____

| | |
|---|---|
| ROSALIE HAKIM a/k/a ROSALIE ANSARA and AMEEN RAJI HAKIM a/k/a AMEEN HAKIM,<br><br>        Plaintiffs<br>v.<br><br>PHH Mortgage Corporation,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785, Fla. Stat.

3. Venue is proper in the Middle District of Florida because the acts and transactions—or the effects of which—occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Rosalie Hakim is a natural person who resides in Duval County, State of Florida, and is a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") by virtue of being directly affected by a violation of these Acts, as described herein.

5. Plaintiff Ameen Hakim is a natural person who resides in Duval County, State of Florida, and is a person with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by a violation of these Acts, as described herein.

6. Defendant PHH Mortgage Corporation ("PHH") is a foreign profit corporation, and at all times material, was registered and conducting business in Florida, provided financial services to individuals and consumers residing in Florida, including Plaintiffs, and maintained agents for its customary business practices in Florida.

## FACTUAL ALLEGATIONS

7. On June 19, 2012, PHH filed a foreclosure complaint against Mr. and Mrs. Hakim, in the Circuit Court of the Fourth Judicial Circuit of Florida regarding the Note and Mortgage ("Loan Documents" or "Subject Loan") for Mr. and Mrs. Hakims' property located in Duval County, Florida ("Subject Property"), Case No. 2008-CA-684 ("Foreclosure Action").

8. PHH alleges in the foreclosure action that Plaintiffs defaulted on the Subject Loan on January 1, 2012.

9. PHH filed an assignment of mortgage in the Duval County public records stating that PHH was assigned the Subject Loan on March 19, 2012.

10. As such, based on PHH's outward manifestations, PHH began servicing the subject loan while it was in default.

11. The undersigned represents Plaintiffs in the Foreclosure Action, the undersigned filed a Notice of Appearance on or about July 10, 2012, and the undersigned sent a "Notice of Representation" to PHH on September 7, 2012.

12. On September 28, 2013, two men showed up at the building where Plaintiffs lived, and attempted to enter.

13. The men were stopped by another resident who contacted Mr. Hakim by phone.

14. The men advised that they were sent by PHH to change the locks on his property.

15. Mr. Hakim asked the men to wait until he returned home, but the men were not there when Mr. Hakim arrived.

## CAUSES OF ACTION

### COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

16. Plaintiffs re-allege Paragraphs 1-15 here.

17. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3), as they are natural persons obligated or allegedly obligated to owe a debt as per the Loan Documents; and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, as described herein.

18. Defendant is a "debt collector," as the term is used and interpreted under 15 U.S.C. § 1692(a)(6), to wit Defendant became servicer of the debt while it was in default.  See, e.g., Scholosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee . . .").

19. The debt on which Defendant is attempting to collect is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as the Loan Documents address an alleged or actual obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

20. Defendant's attempt to change Plaintiffs' locks violated § 1692c(a)(2) because PHH contacted Plaintiffs directly after PHH knew the consumers are represented by an attorney, as the

undersigned made an appearance in the ongoing Foreclosure Action, and sent PHH a "Notice of Representation."

21. Defendant's attempt to change Plaintiffs' locks violated § 1692e because PHH used false, deceptive, or misleading representations or means in connection with the debt collection by asserting that PHH had the right to change Plaintiffs' locks while the Foreclosure Action was pending.

22. Defendant's attempt to change Plaintiffs' locks violated § 1692e(2) because PHH misrepresented the character, amount, or legal status of the alleged debt by asserting that PHH had the right to change Plaintiffs' locks while the Foreclosure Action was pending.

23. Defendant's attempt to change Plaintiffs' locks violated § 1692e(5) because PHH threatened or took action that could not legally be taken by asserting that PHH had the right to change Plaintiffs' locks while the Foreclosure Action was pending.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

24. Plaintiffs re-allege Paragraphs 1-15 here.

25. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were "consumers," as Plaintiffs were natural persons actually or allegedly obligated to pay a debt as per the Loan Documents.

26. The mortgage and note on which Defendant attempted to collect money was a "consumer debt" within the meaning of section 559.55(1), as the Loan Documents address an actual or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

27. Defendant's attempt to change Plaintiffs' locks violated section 559.72(9) because PHH asserted the existence of a legal right when PHH knew the right did not exist.

28. Defendant's attempt to change Plaintiffs' locks violated section 559.72(18), Florida Statutes, by communication with Plaintiffs when PHH knew the Plaintiffs are represented by an attorney with respect to the Subject Loan/Foreclosure Action.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; injunctive and declaratory relief relating to the parties' obligations under the Loan Documents; and all other relief to which Plaintiffs are entitled; and

b) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2) for each incident for each Plaintiff; for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees for each Plaintiff; injunctive and declaratory relief regarding further collection attempts; injunctive and declaratory relief relating to the parties' obligations under the Loan Documents; and any and all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

_____/s/ Austin Brown_____

Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone:  (904) 733-7766
Facsimile: (904) 733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiff**