UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ROSALIE HAKIM a/k/a ROSALIE ANSARA and AMEEN RAJI HAKIM a/k/a AMEEN HAKIM,<br><br>　　　　Plaintiffs<br>v.<br><br>PHH Mortgage Corporation,<br><br>　　　　Defendant. | Case No. 3:13-cv-1377-J-39JRK |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF COURT'S DEFAULT JUDGMENT**

　　Plaintiffs, Rosalie Hakim and Ameen Hakim, through the undersigned counsel, in accordance with the Court's Orders entered May 1, 2014 [Doc. 10] and May 14, 2014 [Doc. 12], file this Supplemental Memorandum in Support of Plaintiffs' Motion for Entry of Court's Default Judgment, and state:

**BACKGROUND**

　　1.　　Plaintiff's Complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") was filed November 7, 2013 [Doc. 1].

　　2.　　Plaintiffs' Motion for Entry of Court's Default Judgment ["Motion" Doc. 8] is before the Court, and—by way of the Court's Orders identified above (the second being a grant of enlargement of time)—the Court requested Plaintiffs file a supplemental memorandum in support

of the Motion speaking to the legal sufficiency of the Complaint, the amount of damages, the amount of attorney's fees, and so on ("Supplemental Memorandum").

3.  The Court requested in general that Plaintiffs support whether the allegations amount to valid causes of actions; and specifically that Plaintiffs provide 1) legal authority supporting the sufficiency of the claims to help the Court determine whether Plaintiffs stated a valid cause of action for which relief can be granted; 2) the total damages with supporting information and documentation, keeping in mind the factors used in determining statutory damages under the FDCPA and FCCPA; and 3) the amount of attorney's fees and costs with supporting information and documentation.

4.  Plaintiffs will address each in turn below

## MEMORANDUM OF LAW

### Standard

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975); see also Patray v. Nw. Publ'g., Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu, 515 F. 2d at 1206; see also Patray, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. See Nishimatsu, 515 F. 2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. See also Danning v. Lavine, 572 F. 2d

>> 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").
>
> Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. See Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." [Bell Atlantic Corp. v. ]Twombly, 550 U.S. [554,]555 [2007]; see also Ashcroft v. Iqbal, 556 U.S. 662 . . . (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Jenkins v. Santiago, No. 3:11-cv-1082-J-34JBT, 2012 WL 3242354, *2 (M.D. Fla. Aug. 8, 2012).

### **Whether Plaintiffs' Complaint States a Valid Cause of Action for Which Relief Can Be Granted**

### **Count I: FDCPA**

"In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Salazar v. MFP, 847 F. Supp. 2d 1329, 1331 (M.D. Fla. 2012) (quoting Mammen v. Bronson & Migliccio, LLP, 715 F. Supp. 2d 2010, 1216 (M.D. Fla. 2009)).

*Element 1: Plaintiff Has Been the Object of Collection Activity Arising from a Consumer Debt*

Plaintiffs alleged that Defendant was pursuing a lawsuit to satisfy money due on a defaulted loan, that Defendant attempted to change Plaintiffs' locks implicitly in furtherance of the same, and that the subject "Loan Documents address an alleged or actual obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes."[1]  See Compl. ¶¶ 7-8, 12, 18.  These facts accepted as true, constitute collection activity of a "debt" against Plaintiffs.

*Element 2: The Defendant is a Debt Collector as Defined by the FDCPA*

Plaintiffs alleged that Defendant began servicing the Subject Loan (as per an assignment of mortgage recorded in the Duval County public record) on March 19, 2012, while Plaintiffs were defaulted the Subject Loan previously on January 1, 2012.  Thus, as a loan servicer that began servicing a debt while it was in default, Defendant is a "debt collector," as defined by the FDCPA.[2]  See Compl. ¶¶ 8-10, 18.

---

[1] This is the definition of "debt" as per 15 U.S.C. § 1692a(5).

[2] It is *well established* that a loan servicer is a "debt collector" if it services a loan that it acquired while the loan was in default.  N. Star Capital Acquisitions, LLC v. Krig, 611 F. Supp. 2d 1324, 1335 (M.D. Fla. 2009) ("Thus, a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (quoting Belin v. Litton Loan Servicing, LP, No. 8:06-cv-760-T-24EAJ, 2006 WL 1992410, *2 (M.D. Fla. Jul. 14, 2006)); accord Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 362 (6th Cir. 2012); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Bently v. Bank of Am., Nat'l Ass'n, 733 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011).  Thus, the Fifth Circuit, Sixth Circuit, and Seventh Circuit have held—and the Middle District and Southern District have ruled—that a loan servicer is a "debt collector" when it acquires servicing rights while the debt is in default.

*Element 3:  The Defendant Engaged in An Act or Omission Prohibited by the FDCPA*

Plaintiffs alleged that the attempt to change the locks violated the FDCPA because:  1) Defendant contacted Plaintiffs directly when it knew Plaintiffs were represented by an attorney;[3] 2) it involved false representations or means by misrepresenting that Defendant had the right to change the locks when it did not;[4] 3) it involved a misrepresentation of the legal status of the alleged debt by misrepresenting that the debt was established as delinquent to the extent that Defendant had the right to take possession of the Subject Property and/or exclude Plaintiffs from the Subject Property;[5] and 4) Defendant was asserting or threatening to assert a legal right that it did not have.[6]

### Count II:  FCCPA

To establish a violation of the FCCPA in the present context, Plaintiffs have the burden of establishing three elements:  1) they are "consumers" or "debtors"; 2) that there is a "debt"; and 3) there is a violation of one of the enumerated prohibited acts.  See §§ 559.55, 559.72, 559.77, Fla. Stat.

---

[3] "[A] debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." § 1692c(2).  Defendant knew Plaintiffs were represented because the undersigned filed a notice of appearance in the foreclosure action and sent a notice of representation to Defendant, but contacted him anyway.  Compl. ¶¶ 11,14, 20.

[4] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e.  Defendant implicitly did not have the ability to make/use truthful representations/means to change the locks as the foreclosure action was merely filed and not resolved, but Defendants tried to change the locks anyway.  Compl. ¶¶ 7, 12, 21.

[5] "[T]he following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of the debt.  § 1692e(2); Compl. ¶¶ 7, 12, 21.

[6] "[T]he following conduct is a violation of this section: . . . The threat to take any action that cannot legally be taken or that is not intended to be taken.  § 1692e(5); Compl. ¶¶ 7, 12, 21.

*Element 1: Plaintiffs are "Consumers" or "Debtors"*

Plaintiffs alleged, "At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were "consumers," as Plaintiffs were natural persons actually or allegedly obligated to pay a debt as per the Loan Documents." Compl. ¶ 25. This is more fully supported beyond conclusions by Paragraphs 7-10 of the Complaint, which state that Defendant filed a foreclosure complaint against Plaintiffs based on the Note and Mortgage for being delinquent on the Subject Loan.

*Element 2: the Subject Loan Constitutes a Debt*

Plaintiffs alleged, The mortgage and note on which Defendant attempted to collect money was a "consumer debt" within the meaning of section 559.55(1), as the Loan Documents address an actual or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes. More specifically, Plaintiffs were allegedly obliged to pay money on the Subject Loan as Defendant had filed for foreclosure, as a result of Plaintiffs' default. Compl. ¶¶ 7-10.

*Element 3: Violation of the Enumerated Prohibited Acts*

Plaintiffs alleged that the attempt to change the locks violated the FCCPA because: 1) Defendant contacted Plaintiffs directly when it knew Plaintiffs were represented by an attorney;[7] and 2) it involved the assertion of a knowingly non-existent legal right.[8]

---

[7] "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of . . . such attorney's name and address . . . ." § 559.72(18), Fla. Stat. Defendant knew Plaintiffs were represented because the undersigned filed a notice of appearance in the foreclosure action and sent a notice of representation to Defendant, but contacted him anyway. Compl. ¶¶ 11,14, 20.

[8] "Claim, attempt, or threaten to . . . assert the existence of some other legal right when such person knows the right does not exist." § 559.72(9), Fla. Stat. Defendant implicitly did not have

**Total Damages**

Next the Court requested that Plaintiffs brief the total damages with supporting information and documentation, keeping in mind the factors used in determining statutory damages under the FDCPA and FCCPA. "In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." § 559.77, Fla. Stat.; accord 15 U.S.C. § 1692k (the FDCPA uses the same factors but expressly provides for consideration of other relevant factors: "the court shall consider, among other relevant factors . . . .").

In the present case, the frequency and persistence of the noncompliance was minimal—one incident. In the present case, the noncompliance was intentional: Plaintiffs alleged that the men showed up at the building, attempted to enter, and advised that they were sent by Defendant to change the locks on the property. Compl. ¶¶ 12-14. The men were acting consciously and deliberately with express directions to enter Plaintiffs' property and change their locks. Finally, the nature of the noncompliance is the significant factor. Defendant was attempting to enter Plaintiffs' private property, and exclude Plaintiffs from the property by changing their locks. Plaintiffs home is a basic need of survival—shelter—and attempting to exclude someone from their home without due process of law is an egregious action. Further, this attempt to prematurely or improperly exclude Plaintiffs from their home was done without coordination with Plaintiffs' attorneys. One reason why people hire attorneys is to have their rights properly defended and respected. Here, Defendant attempted to bypass any such protection.

---

the right to change the locks as the foreclosure action was merely filed and not resolved, but Defendants tried to change the locks anyway. Compl. ¶¶ 7, 12, 21.

Because the "nature of noncompliance" factor is so strong, while the other factors are weak, Plaintiffs request that middle-range statutory damages be awarded: $500.00 under the FDCPA and $500.00 under the FCCPA for total statutory damages for one plaintiff of $1,000.00. Since there are two plaintiffs, Plaintiffs request a total statutory damages award of $2,000.00, as each Plaintiff should be entitled to $1,000.00.

### Amount of Attorney's Fees and Costs

Under the FDCPA and FCCPA, Plaintiffs are entitled to reasonable attorney's fees and costs to be determined by the Court in the case of a successful action to enforce liability. 15 U.S.C. § 1692k(a)(1)(3); § 559.77(2), Fla. Stat. The fee applicant bears the burden of establishing entitlement and documentation of appropriate hours and hourly rates, by supplying specific and detailed evidence on the reasonably hourly rate, and sufficiently particular records to show time spent. Am. Civil Liberties Union of Ga. V. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

As established by the undersigned's affidavit ("Counsel's Affidavit" attached as "Exhibit A," reasonable attorney's fees incurred in this matter amount to $1,957.00, which is comprised of 7.3 attorney hours at $265 per hour, and .3 paralegal hours at $75 per hour. As per Counsel's Affidavit, costs expended for filing, service, printing, and postage are $451.00. Thus, the total reasonable fees and costs requested are $2,408.00. The undersigned's reasonable hourly rate of $265.00 is supported by affidavit of Lynn Drysdale (attached as "Exhibit B"), who is highly regarded in Florida as a preeminent consumer law attorney.

### CONCLUSION

As established above, Plaintiffs have stated a claim for which relief can be granted, and respectfully request $2,000.00 statutory damages for the violations established against both Plaintiffs, and $2,408.00 in reasonable attorney's fees and costs to which they are entitled as

successful claimants under the FDCPA and FCCPA.  In conclusion, the Plaintiffs respectfully request default final judgment in favor of Plaintiffs and an award of $4,408.00.

                                      Respectfully submitted,

                                      **PARKER & DUFRESNE, P.A.**

                                      /s/ Austin Brown

Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone:  (904) 733-7766
Facsimile: (904) 733-2919
abrown@jaxlawcenter.com
**Trial Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel of Record.

                                      /s/Austin Brown
                                        Attorney